# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM AVINELIS, et al., | CASE NO. CV F 08-0618 LJO SMS |
| Plaintiffs, | **ORDER ON DEFENDANT'S MOTION TO DISMISS BREACH OF WARRANTY CLAIM** |
| vs. | (Doc. 12.) |
| BASF CORPORATION, | |
| Defendant. | |

## INTRODUCTION

Defendant BASF Corporation ("BASF") seeks to dismiss plaintiffs'[1] claim that BASF breached its written warranties for its fungicides which allegedly damaged plaintiffs' blueberry crop. Plaintiffs contend that they have properly alleged their breach of written warranty claim and that BASF wrongly attempts to disclaim its warranties. This Court considered BASF's F.R.Civ.P. 12(b)(6) motion to dismiss on the record and VACATES the July 7, 2008 hearing, pursuant to this Court's Local Rule 78-230(h). For the reasons discussed below, this Court DISMISSES with leave to amend plaintiffs' breach of written warranty claim.

---

[1] Plaintiffs are Tom Avinelis, Karen Avinelis, Lynn Shafer and Salley Shafer and will be referred to collectively as "plaintiffs."

1

# BACKGROUND

## BASF's Warranty Disclaimers

BASF manufactures and distributes agricultural fungicides, including Pristine and Cabrio, which controls fungus on blueberries. Plaintiffs are partners in Tulare County farming operations. In March 2007, plaintiffs applied Pristine and Cabrio to their blueberry fields and claim damage to their blueberry bushes and production loss.

The label of Pristine includes a "Conditions of Sale and Warranty" section which provides in pertinent part:

> Crop injury, ineffectiveness or other unintended consequences may result because of such factors as weather conditions, presence of other materials, or use of the product in a manner inconsistent with its labeling, all of which are beyond the control of BASF CORPORATION ("BASF") or the Seller. All such risks shall be assumed by the Buyer.
>
> BASF warrants that this product conforms to the chemical description on the label and is reasonably fit for the purposes referred to in the **Directions for Use**, subject to the inherent risks, referred to above. BASF MAKES NO OTHER EXPRESS OR IMPLIED WARRANTY OF FITNESS OR MERCHANTABILITY OR ANY OTHER EXPRESS OR IMPLIED WARRANTY. TO THE EXTENT PERMITTED BY LAW, BASF AND THE SELLER DISCLAIM ANY LIABILITY FOR CONSEQUENTIAL, SPECIAL OR INDIRECT DAMAGES RESULTING FROM THE USE OR HANDLING OF THIS PRODUCT. (Bold and uppercase in original.)

The label of Cabrio includes a "Conditions of Sale and Warranty" section which includes near identical language and provides in pertinent part:

> Crop injury, ineffectiveness or other unintended consequences may result because of such factors as weather conditions, presence of other materials, or use of the product in a manner inconsistent with its labeling, all of which are beyond the control of BASF CORPORATION ("BASF") or the Seller. All such risks shall be assumed by the Buyer.
>
> BASF warrants that this product conforms to the chemical description on the label and is reasonably fit for the purposes referred to in the **Directions for Use**, subject to the inherent risks, referred to above. BASF MAKES NO OTHER EXPRESS OR IMPLIED WARRANTY OF FITNESS OR MERCHANTABILITY OR ANY OTHER EXPRESS OR IMPLIED WARRANTY. IN NO CASE SHALL BASF OR THE SELLER BE LIABLE FOR CONSEQUENTIAL, SPECIAL OR INDIRECT DAMAGES RESULTING FROM THE USE OR HANDLING OF THIS PRODUCT. (Bold and uppercase in original.)

## Plaintiffs' Breach Of Written Warranty Claim

Plaintiffs proceed on their original complaint to allege that Pristine and/or Cabrio were "defective and unsafe for its intended purposes in that it caused damage to the blueberry fields and prevented them

from properly pollinating, and caused defective growth in the blueberries, thereby decreasing size of each fruit, and the quantity of production." BASF challenges the complaint's (fourth) breach of written warranty cause of action that BASF breached the written warranties of Pristine and Cabrio's labels that "these products were fit for the intended use as a fungicide on blueberries." The cause of action further alleges that when BASF "produced the label, expressing the written warranty, it knew or should have known that it failed to test the Cabrio and/or Pristine in California on blueberries grown in the San Joaquin Valley." The cause of action continues that BASF "indicated, both directly, and by implication on its label that sufficient testing in California on blueberries had taken place, when in fact the truth of the matter was that no testing or limited testing on blueberries had occurred in California in the San Joaquin Valley." The complaint alleges that BASF's breach of warranty resulted in inadequate crops "both in yield and size of berry, and quality of berry," damage from lack of blueberry packing and storage, loss of foreign and domestic markets, and lost future blueberry production.

## DISCUSSION

### F.R.Civ.P. 12(b)(6) Standards

BASF seeks F.R.Civ.P. 12(b)(6) dismissal of plaintiffs' (fourth) breach of written warranty cause of action. A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). F.R.Civ.P. 12(b)(6) dismissal is proper when "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102 (1957).

In resolving a Rule 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine

whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

In a F.R.Civ.P. 12(b)(6) motion, a court generally cannot consider material outside the complaint. *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003). Nonetheless, a court may consider exhibits submitted with the complaint. *Van Winkle*, 290 F.Supp.2d at 1162, n. 2. A court may also consider "documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir. 1998) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)). As such, this Court may consider the Pristine and Cabrio labels attached to plaintiffs' complaint.

**Scope Of Pristine And Cabrio Warranties**

BASF contends that the complaint alleges no breach of the Pristine and Cabrio written warranties. BASF argues that it "warranted only that Pristine and Cabrio conformed to the chemical description on their labels and that each product was effective at controlling fungus." BASF contends that the Pristine and Cabrio labels "explicitly stated that BASF was not responsible for the risk of 'crop injury' associated with use of either." According to BASF, plaintiffs assumed the risk of "reduction in yield and quality of fruit . . . as part of the sale of Pristine and Cabrio."[2] BASF concludes that its

---

[2] As to plaintiffs' claim that BASF indicated that Pristine had been tested in the San Joaquin Valley, BASF notes Pristine and Cabrio's labels include no representation about California testing. BASF notes that the Pristine and Cabrio labels warn that "[l]ocal conditions can also influence crop tolerance and may not match those under which BASF has

4

warranties did not extend to the types of injury or damages alleged in plaintiffs' breach of written warranty claim.

Plaintiffs respond that the Pristine and Cabrio labels expressly note that Pristine and Cabrio may be used on blueberries. Plaintiffs point to the Pristine and Cabrio warranties that Pristine and Cabrio conform "to the chemical description on the label and is reasonably fit for the purposes referred to in the directions for use." According to plaintiffs, their breach of written warranty claim adequately alleges that BASF warranted that Pristine and Cabrio "were safe to use on blueberry bushes" and breached the warranty "as the products were not safe to use on blueberries and worked as a growth regulator" to damage plants and decrease production.

Under California Commercial Code section 2313(1), a seller creates an express warranty by:

> (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
>
> (b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

"[T]o plead a cause of action for breach of express warranty, one must allege the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury." *Williams v. Beechnut Nutrition Corp.*, 185 Cal.App.3d 135, 142, 229 Cal.Rptr. 605 (1986); *see Burr v. Sherwin Williams Co.,* 42 Cal.2d 682, 268 P.2d 1041 (1954); Cal.Com.Code, § 2313.

There is no question that BASF made express warranties and that plaintiffs plead breach of warranty. The issue is the scope of BASF's warranties and the extent to which they have been disclaimed.

BASF notes that under California law, "warranty disclaimers in the sale of agricultural products disclaiming liability for productiveness or quality of a crop preclude the seller's liability under breach of warranty claims." BASF relies on *Buckley v. Shell Chemical Co.*, 32 Cal.App.2d 209, 89 P.2d 453 (1939), where plaintiffs pursued breach of warranty claims that application of a fertilizer resulted in a lesser quantity and quality potato crop. Since the sales order contained a disclaimer for crop

---

conducted testing."

productiveness and quality, "this disclaimer of warranties in writing must be controlling here and defendants cannot be held liable because of poor quality of the crop." *Buckley*, 32 Cal.App.2d at 214, 89 P.2d 453; *see Mosesian v. Bagdasarian*, 260 Cal.App.2d 361, 365-366, 67 Cal.Rptr. 369 (1968) (express disclaimer of warranty appearing on labels of drums containing liquid insecticide was sufficient notice that defendant did not warrant or guarantee quality, use, control or results to be expected from product).

Plaintiffs rely on *Burr v. Sherwin Williams Co.,* 42 Cal.2d 682, 692-693, 268 P.2d 1041 (1954), which addressed application of the implied warranty for fitness of purpose under former California Civil Code section 1735. Plaintiffs fail to explain the relevance of *Burr* to BASF's contentions and plaintiffs' points regarding disclaimer construction in that plaintiffs do no allege a breach of implied warranty claim.

Plaintiffs appear to create an issue not subject to BASF's motion. Plaintiffs note that the Pristine and Cabrio labels charge the buyer with assumption of risk of "such factors as weather conditions, presence of other materials, or use of the product in a manner inconsistent with its labeling." Plaintiffs' claim that such language should be disregarded as a "unilateral non-warranty" is unavailing.

In sum, BASF made limited warranties that Pristine and Cabrio will conform to their respective labels' chemical description and are reasonably fit for the purposes referred to in Directions for Use. BASF did not make warranties as to crop yield, size or quality. BASF specifically disclaimed or excluded such warranties. As such, the Pristine and Cabrio warranties bar plaintiffs' breach of written warranty claim as currently plead. Subject to F.R.Civ.P. 11(b), plaintiffs may file an amended complaint to allege a breach of the limited warranties in the Pristine and Cabrio labels. Alternatively, plaintiffs may drop their breach of written warranty claim.

### **Excluded Damages**

BASF argues that Pristine and Cabrio's warranties "expressly" disclaimed consequential damages sought by plaintiffs' breach of written warranty claim. BASF points to warranty language that BASF disclaims liability for "CONSEQUENTIAL, SPECIAL OR INDIRECT DAMAGES RESULTING FROM THE USE OR HANDLING OF THIS PRODUCT." (Uppercase in original.) California Commercial Code section 2715(2)(b) defines consequential damages to include "[i]njury to

person or property proximately resulting from any breach of warranty."

Without meaningful explanation or persuasive comment, plaintiffs appear to ask this Court to apply the unconscionability doctrine to the consequential damages disclaimer. California Commercial Code section 2719(3) provides: "Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." Plaintiffs' complaint does not allege unconscionability among the parties.

The breach of written warranty cause of action seeks damages arising from inadequate crops, lack of blueberry packing and storage, and market and future production losses. BASF characterizes such damages as "lost profits" and in turn consequential damages excluded by the warranties. BASF argues that the absence of recoverable damages further supports dismissal of the breach of written warranty claim.

BASF is correct that the breach of written warranty claim, as currently pled, seeks consequential damages which have been expressly disclaimed by the Pristine and Cabrio warranties. Plaintiffs fail to justify that the consequential damages disclaimers are unconscionable. Subject to F.R.Civ.P. 11(b), plaintiffs may amend their complaint to seek proper damages recoverable under the Pristine and Cabrio warranties. Alternatively, plaintiffs may drop their breach of written warranty claim.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DISMISSES with leave to amend the (fourth) breach of written warranty cause of action;
2. ORDERS plaintiffs, no later than July 21, 2008 to: (1) file and serve a first amended complaint to allege a breach of written warranty claim and appropriate damages subject to the scope and limitations of the Pristine and Cabrio warranties; or (2) file and serve notice that plaintiffs drop their breach of written warranty claim; and
3. ORDERS BASF, no later than 10 court days after plaintiffs file their first amended complaint or notice, to file and serve a responsive pleading to the first amended complaint or an answer to plaintiffs' original complaint.

IT IS SO ORDERED.

**Dated:   June 30, 2008                    /s/ Lawrence J. O'Neill**

UNITED STATES DISTRICT JUDGE