# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM AVINELIS, et al.,<br><br>              Plaintiff,<br><br>     vs.<br><br>BASF CORPORATION,<br><br>              Defendant.<br>_____ / | CASE NO. CV F 08-0618 LJO SMS<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS AMENDED BREACH OF WARRANTY CLAIM**<br>(Doc. 31.) |

## INTRODUCTION

Defendant BASF Corporation ("BASF") seeks to dismiss plaintiffs'[1] amended claim that BASF breached its written warranties for its fungicides which allegedly damaged plaintiffs' blueberry crop and destroyed plaintiffs' blueberry bushes. Plaintiffs contend that their amended breach of written warranty claim is viable in that it alleges that the fungicides' labels affirmed that the fungicides were safe to use on blueberry plants. This Court considered BASF's F.R.Civ.P. 12(b)(6) motion to dismiss on the record and VACATES the September 9, 2008 hearing, pursuant to this Court's Local Rule 78-230(h). For the reasons discussed below, this Court DISMISSES with prejudice plaintiffs' breach of written warranty claim.

---

[1] Plaintiffs are Tom Avinelis, Karen Avinelis, Lynn Shafer and Salley Shafer and will be referred to collectively as "plaintiffs."

1

# BACKGROUND

## BASF's Warranty Disclaimers

BASF manufactures and distributes agricultural fungicides, including Pristine and Cabrio, which controls fungus on blueberries. Plaintiffs are partners in Tulare County farming operations. In March 2007, plaintiffs applied Pristine and Cabrio to their blueberry fields and claim damage and destruction to their blueberry bushes and production loss.

The Pristine and Cabrio labels include specific restrictions, limitations and recommendations for their applications to specific crops, including blueberries. The label of Pristine includes a "Conditions of Sale and Warranty" section which provides in pertinent part:

> Crop injury, ineffectiveness or other unintended consequences may result because of such factors as weather conditions, presence of other materials, or use of the product in a manner inconsistent with its labeling, all of which are beyond the control of BASF CORPORATION ("BASF") or the Seller. All such risks shall be assumed by the Buyer.
>
> BASF warrants that this product conforms to the chemical description on the label and is reasonably fit for the purposes referred to in the **Directions for Use**, subject to the inherent risks, referred to above. BASF MAKES NO OTHER EXPRESS OR IMPLIED WARRANTY OF FITNESS OR MERCHANTABILITY OR ANY OTHER EXPRESS OR IMPLIED WARRANTY. TO THE EXTENT PERMITTED BY LAW, BASF AND THE SELLER DISCLAIM ANY LIABILITY FOR CONSEQUENTIAL, SPECIAL OR INDIRECT DAMAGES RESULTING FROM THE USE OR HANDLING OF THIS PRODUCT. (Bold and uppercase in original.)

The label of Cabrio includes a "Conditions of Sale and Warranty" section which includes near identical language and provides in pertinent part:

> Crop injury, ineffectiveness or other unintended consequences may result because of such factors as weather conditions, presence of other materials, or use of the product in a manner inconsistent with its labeling, all of which are beyond the control of BASF CORPORATION ("BASF") or the Seller. All such risks shall be assumed by the Buyer.
>
> BASF warrants that this product conforms to the chemical description on the label and is reasonably fit for the purposes referred to in the **Directions for Use**, subject to the inherent risks, referred to above. BASF MAKES NO OTHER EXPRESS OR IMPLIED WARRANTY OF FITNESS OR MERCHANTABILITY OR ANY OTHER EXPRESS OR IMPLIED WARRANTY. IN NO CASE SHALL BASF OR THE SELLER BE LIABLE FOR CONSEQUENTIAL, SPECIAL OR INDIRECT DAMAGES RESULTING FROM THE USE OR HANDLING OF THIS PRODUCT. (Bold and uppercase in original.)

## Plaintiffs' Amended Breach Of Written Warranty Claim

This Court's June 30, 2008 order dismissed, with leave to amend, plaintiffs' original breach of

written warranty claim on grounds that the Pristine and Cabrio limited warranties did not cover plaintiffs' alleged crop injury and that the warranties disclaimed consequential damages sought by the claim. Plaintiffs proceed on their first amended complaint ("FAC") to allege that Pristine and/or Cabrio was ""defective and unsafe for its intended purposes in that it caused damage to the blueberry fields and prevented them from properly pollinating, and caused defective growth in the blueberries, thereby decreasing size of each fruit, and the quantity of production." BASF challenges the complaint's (fourth) breach of written warranty cause of action that BASF breached the written warranties of Pristine and Cabrio's labels that "those products conformed to their respective labels, chemical description, and were reasonably fit for the purposes referred to in the Directions for Use" to result in "damage and destruction to the blueberry bushes." The cause of action further alleges:

> The plaintiffs . . . relied upon these representations that the field use and tests had been performed on blueberry bushes when they purchased and applied the product now. . . . [D]efendant mis-represented that field tests were performed on blueberry bushes, and sold these two products without performing tests, or adequate tests on blueberries. Thereby, fostering unsafe use of the defendant's products, which is oppressive and unconscionable behavior and in disregard of the legal rights and property rights of the plaintiffs . . . and as such pursuant to California Commercial Code section 2719(3) the plaintiff's [sic] damages should include all consequential damages.

The cause of action claims damages in excess of $33 million "to replace the damaged and destroyed blueberry bushes."

## DISCUSSION

### F.R.Civ.P. 12(b)(6) Standards

BASF seeks F.R.Civ.P. 12(b)(6) dismissal of plaintiffs' (fourth) breach of written warranty cause of action. A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling*

3

*v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). F.R.Civ.P. 12(b)(6) dismissal is proper when "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102 (1957).

In resolving a Rule 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

In a F.R.Civ.P. 12(b)(6) motion, a court generally cannot consider material outside the complaint. *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003). Nonetheless, a court may consider exhibits submitted with the complaint. *Van Winkle*, 290 F.Supp.2d at 1162, n. 2 A court may also consider "documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir. 1998) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)). As such, this Court may consider the Pristine and Cabrio labels attached to plaintiffs' complaint.

### Scope Of Pristine And Cabrio Warranties

BASF contends that the (fourth) breach of written warranty cause of action alleges a breach, and seeks damages, beyond the scope of Pristine and Cabrio's warranties which are limited to conformance with the chemical descriptions on their labels and effectiveness to control fungus. BASF contests plaintiffs' allegation that the Pristine and Cabrio labels warranted that Pristine and Cabrio are safe for

blueberries. BASF argues that the labels did not warrant against crop injury and emphasizes that the Pristine and Cabrio labels warn:

> However, it is impossible to eliminate all risks inherently associated with use of this product. Crop injury, ineffectiveness or other unintended consequences may result because of such factors as weather conditions, presence of other materials, or use of the product in a manner inconsistent with its labeling, all of which are beyond the control of BASF CORPORATION ("BASF") or the Seller. All such risks shall be assumed by the Buyer.

BASF notes that the cause of action fails to allege that Pristine and Cabrio did not conform to their labels' chemical description, were ineffective to prevent fungus or were unsafe for blueberries.

Under California Commercial Code section 2313(1), a seller creates an express warranty by:

> (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
>
> (b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

"[T]o plead a cause of action for breach of express warranty, one must allege the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury." *Williams v. Beechnut Nutrition Corp.*, 185 Cal.App.3d 135, 142, 229 Cal.Rptr. 605 (1986); *see Burr v. Sherwin Williams Co.,* 42 Cal.2d 682, 268 P.2d 1041 (1954); Cal.Com.Code, § 2313.

There is no question that BASF made express warranties and that plaintiffs plead breach of warranty. The issue is the scope of BASF's warranties and the extent to which they have been disclaimed.

BASF relies on *Buckley v. Shell Chemical Co.*, 32 Cal.App.2d 209, 89 P.2d 453 (1939), where plaintiffs pursued breach of warranty claims that application of a fertilizer resulted in a lesser quantity and quality potato crop. Since the sales order contained a disclaimer for crop productiveness and quality, "this disclaimer of warranties in writing must be controlling here and defendants cannot be held liable because of poor quality of the crop." *Buckley*, 32 Cal.App.2d at 214, 89 P.2d 453; *see Mosesian v. Bagdasarian*, 260 Cal.App.2d 361, 365-366, 67 Cal.Rptr. 369 (1968) (express disclaimer of warranty appearing on labels of drums containing liquid insecticide was sufficient notice that defendant did not warrant or guarantee quality, use, control or results to be expected from product).

5

BASF correctly notes that the (fourth) breach of written warranty cause of action does not allege that Cabrio and Pristine are unsafe or are not to be used on blueberries and that the cause of action's essence is that plaintiffs' blueberry bushes were injured after use of Pristine and Cabrio. Plaintiffs claim that the Cabrio and Pristine labels "provided an affirmation that the products were safe to use on blueberries."

BASF made limited warranties that Pristine and Cabrio will conform to their respective labels' chemical description and are reasonably fit for the purposes referred to in Directions for Use. BASF did not warrant against crop injury or guarantee successful crops. Plaintiffs' newfound allegations of blueberry bush destruction are unavailing. Plaintiffs wrongly attempt to ignore the labels' limitations and to expand the labels to warrant no crop damage. BASF is not subject to upholding a warranty it did not make.

## **Consequential Damages**

BASF notes that the (fourth) breach of written warranty cause of action seeks consequential damages for damage and destruction of plaintiffs' blueberry bushes caused by Pristine and Cabrio. California Commercial Code section 2715(2)(b) defines consequential damages to include "[i]njury to person or property proximately resulting from any breach of warranty." BASF argues that plaintiffs' alleged damages fit "squarely within the definition of consequential damages under the Commercial Code" and that the Pristine and Cabrio labels expressly disclaim liability for such consequential damages. As a reminder, the Pristine label states that "BASF AND THE SELLER DISCLAIM ANY LIABILITY FOR CONSEQUENTIAL, SPECIAL OR INDIRECT DAMAGES RESULTING FROM THE USE OR HANDLING OF THIS PRODUCT." (Uppercase in original.) The Cabrio label provides: "IN NO CASE SHALL BASF OR THE SELLER BE LIABLE FOR CONSEQUENTIAL, SPECIAL OR INDIRECT DAMAGES RESULTING FROM THE USE OR HANDLING OF THIS PRODUCT."

To attempt to invalidate the disclaimers, the (fourth) breach of written warranty cause of action references BASF's testing conduct as "unconscionable." California Commercial Code section 2719(3) provides:

> Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable. . . . Limitation of consequential damages where the loss is commercial is valid unless it is proved that the limitation is unconscionable.

BASF identifies the "critical issue" as whether the disclaimers on the Pristine and Cabrio labels are unconscionable, not BASF's conduct to test Pristine and Cabrio – an irrelevant issue. BASF points to the absence of "facts that would support any claim that the consequential damages disclaimer is unconscionable." BASF argues that as buyers in commercial transactions, plaintiffs bear the burden to show that the Pristine and Cabrio disclaimers are unconscionable.

Plaintiffs rely on the following language from the Pristine and Cabrio labels: "The Directions of Use of this product reflect the opinion of experts based on field use and tests." Plaintiffs contend that BASF misrepresented that field tests were performed on blueberry bushes,[2] sold Pristine and Cabrio without adequate tests on blueberries, and fostered unsafe use of Pristine and Cabrio to constitute "oppressive and unconscionable behavior." Plaintiffs continue that the misrepresentations "unreasonably shifted the risk of damages based on false information" to avoid limitation on consequential damages.

"[U]nconscionability has generally been recognized to include an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." *Nunes Turfgrass, Inc. v. Vaughan-Jacklin Seed Co.,* 200 Cal.App.3d 1518, 1534, 246 Cal.Rptr. 823 (1988). "Under Cal.Com.Code § 2719(3), the burden of demonstrating unconscionability of a provision limiting remedies lies with the Plaintiff. Mere inconspicuousness is not sufficient to establish unconscionability under § 2719(3)." *AMF Inc. v. Computer Animation, Inc.*, 573 F.Supp. 924, 930, (S.D. Ohio 1983) (in applying California law, the court found that plaintiff "has not proffered the sort of facts which might demonstrate that it lacked a 'meaningful choice'").

Unconscionability has substantive and procedural elements. *See American Software, Inc. v. Ali*, 46 Cal.App.4th 1386, 1391, 54 Cal.Rptr.2d 477 (1996). "Substantive unconscionability focuses on the actual terms for the agreement, while procedural unconscionability focuses on the manner in which the contract was negotiated and the circumstances of the parties." *American Software*, 46 Cal.App.4th at 1391, 54 Cal.Rptr.2d 477. The general requirement is "a showing of both substantive and procedural unconscionability at the time the contract is made." *American Software*, 46 Cal.App.4th at 1391, 54

---

[2] BASF notes that the Pristine and Cabrio labels "do not indicate that any specific testing has been done regarding these products."

Cal.Rptr.2d 477.

Indication of procedural unconscionability includes "oppression, arising from inequality of bargaining power and the absence of real negotiation or a meaningful choice" and "surprise, resulting from hiding the disputed term in a prolix document." *Vance v. Villa Park Mobilehome Estates*, 36 Cal. App.4th 698, 709, 42 Cal.Rptr.2d 723 (1995). Substantive unconscionability arises from contract terms so one-sided as to *"shock the conscience." California Grocers Assn. v. Bank of America*, 22 Cal.App.4th 205, 214, 27 Cal.Rptr.2d 396 (1994) (italics in original). The California Court of Appeal has explained further:

> With a concept as nebulous as "unconscionability" it is important that courts not be thrust in the paternalistic role of intervening to change contractual terms that the parties have agreed to merely because the court believes the terms are unreasonable. The terms must shock the conscience.
>
> The critical juncture for determining whether a contract is unconscionable is the moment when it is entered into by both parties-not whether it is unconscionable in light of subsequent events. (Civ. Code, § 1670.5.) Unconscionability is ultimately a question of law for the court.

*American Software*, 46 Cal.App.4th at 1392, 54 Cal.Rptr.2d 477.

Plaintiffs confuse the unconscionability issue. The (fourth) breach of written warranty cause of action claims that BASF's testing and related representations fostered "unsafe use of defendant's products, which is oppressive and unconscionable." Such claim is irrelevant to absence of plaintiffs' meaningful choice to unreasonably favor BASF. Plaintiffs paint themselves as unequal bargainers "restricted to the terms of the warranty." Plaintiffs fail to distinguish this from any other commercial or agricultural transaction. Commercial entities, like plaintiffs and BASF, "are entitled to contract to limit the liability of one to the other, or otherwise allocate the risk of doing business." *Philippine Airlines, Inc. v. McDonnell Douglas Corp.*, 189 Cal.App.3d 234, 237, 234 Cal.Rptr. 423 (1987). Plaintiffs were not forced to use Pristine or Cabrio and as agriculture professionals were free to purchase and use other fungicides. The cause of action fails to allege pertinent and sufficient facts to overcome the Pristine and Cabrio disclaimers. This Court agrees with BASF's contention that "there are no additional facts that Plaintiffs could allege that would make their breach of warranty claim actionable."

In sum, the Pristine and Cabrio labels sufficiently disclaim the consequential damages sought by the (fourth) breach of warranty cause of action. In the absence of pertinent allegations of

unconscionability, the cause of action fails, and an attempt at further amendment would be futile. "Although there is a general rule that parties are allowed to amended their pleadings, it does not extend to cases in which any amendment would be an exercise in futility . . ., or where the amended complaint would also be subject to dismissal . . ." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (citations omitted).

## **CONCLUSION AND ORDER**

For the reasons discussed above, this Court DISMISSES with prejudice the FAC's (fourth) cause of action for breach of written warranty.

IT IS SO ORDERED.

**Dated:   September 3, 2008**             /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE