J. David Bickham (SBN 145449)
dbickham@reedsmith.com
Meghan K. Landrum (SBN 222264)
mklandrum@reedsmith.com
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612-3572

Connie K. Lew (SBN 244933)
clew@reedsmith.com
REED SMITH LLP
355 S. Grand Avenue, Suite 2900
Los Angeles, CA 90071

**Mailing Address:**
P.O. Box 2084
Oakland, CA 94604-2084

Telephone:   +1 510 763 2000
Facsimile:   +1 510 273 8832

Attorneys for Defendant
BASF CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM AVINELIS, KAREN AVINELIS, LYNN SHAFER, and SALLEY SHAFER,<br><br>Plaintiffs,<br><br>vs.<br><br>BASF CORPORATION, and DOES 1 through 50, inclusive,<br><br>Defendants. | No.: 1:08-cv-00618-LJO-SMS<br><br>Hon. Lawrence J. O'Neill<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**<br><br>Complaint Filed:     March 13, 2008<br>Trial Date:              March 8, 2010<br>Discovery Cut-Off: September 18, 2009 (non-expert)<br>                              October 23, 2009 (expert) |

## PROTECTIVE ORDER

Plaintiffs Tom Avinelis, Karen Avinelis, Lynn Shafer, and Salley Shafer's

("Plaintiffs"), along with Defendant BASF Corporation ("BASF"), by and through their respective

counsel of record, hereby stipulate that good cause exists for discovery in the above-entitled action

1

(the "Action") to be conducted under a Protective Order.  Accordingly, Plaintiffs and BASF stipulate to the following Protective Order:

1. **Definitions:**

    a.  <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

    b.  <u>Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, documents or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    c.  <u>Document</u>:  all letters, words, numbers, pictures, sounds or symbols set down by handwriting, typewriting, printing, photostatting, photographing, magnetic impulse, mechanical or electronic recording, or any other form of data compilation.

    d.  "<u>Confidential:</u>"  information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure section 26, subsection (c).

    e.  "<u>Highly Confidential – Attorneys' Eyes Only:</u>"  extremely sensitive "Confidential" information or items whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

    f.  <u>Receiving Party</u>:  a Party that receives Discovery Material from a Producing Party.

g. <u>Producing Party:</u>  a Party or non-party that produces Discovery Material in this Action.

h. <u>Designating Party:</u>  a Party or non-party that designates information or items that it produces in disclosures or responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

i. <u>Protected Material:</u>  any Discovery Material that is designated as "Confidential" or "Highly-Confidential – Attorneys' Eyes Only" including, but not limited to, any discovery material that the Designating Party believes contains or discloses a trade secret or other confidential research, development or commercial information, including but not limited to sensitive financial data, technical information, proprietary or nonpublic commercial information, information involving privacy interests, and other commercially and/or competitively sensitive information of a nonpublic nature, or received on a confidential basis.

j. <u>Expert:</u>  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel or has been designated as a non-retained testifying expert to serve as an expert witness or as a consultant in this Action and who is not a past or current employee of a Party of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.

2. **Scope:** The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel in court or in other settings that might reveal Protected Material.

3. **Duration:** The obligations of this Stipulation and Protective Order shall survive the termination of this Action and shall continue to restrict the disclosure and use of discovery material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the Parties, their counsel, and all who signed an Affidavit in the form of Exhibit A. Following termination of this Action, the Court will retain jurisdiction to enforce the terms of this Stipulation and Protective Order.

**Designating Protected Material:**

4. Except as otherwise provided in the Order, or as otherwise stipulated or ordered, material that qualifies for protection under this order must be clearly so designated before the material is disclosed or produced.

5. A Producing Party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" any Discovery Material that contains Protected Material. Discovery material may be so designated by stamping "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" on each page of each document or by using such other procedures upon which the Parties agree in writing. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY").

6. For purposes of disclosing documents for inspection and production, the Producing Party may refrain from designating specific documents for protection until after the inspecting Party or Parties have selected specific documents and/or materials for copying. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY

PDF created with pdfFactory trial version www.pdffactory.com

CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party selects specified documents and material for copying but before the production of such copies, the Producing Party shall designate any documents, or portions thereof, that qualify for protection under this Order by stamping "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page of each document.

7. All documents produced during the course of discovery that are attached to the Parties responses to written discovery requests that contain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" discovery material shall be so designated.

8. Before producing discovery material, a Producing Party may redact "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that is not relevant to the subject matter involved in the Action.  Any discovery material that is redacted shall have "REDACTED" stamped on each page from which "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information has been redacted. Upon the request of counsel of record for the Parties, the Producing Party shall produce a log describing the nature of the redacted information and an explanation for the redaction.

9. All oral deposition testimony, regardless of whether designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the record, shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and subject to this Protective Order for thirty (30) days after counsel of record for the Parties receive the transcript of the deposition.

10. Any Party may, by written notice to counsel for all Parties no later than thirty (30) days after receipt of the deposition transcript, designate portions of oral testimony, or the testimony in its entirety, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

PDF created with pdfFactory trial version www.pdffactory.com

ONLY." A separately bound transcript of those portions of the testimony that contain "CONFIDENTIAL" discovery material shall be made. If any portion of any transcript so marked is required to be lodged with the Court, it shall be lodged in compliance with Civil Local Rule 39-141.

11. When "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" discovery material is offered as an exhibit or quoted or referenced in any deposition, only persons entitled to such information pursuant to Paragraph 18 may be present during such an offer, quotation or reference, except this does not include any material which is obtained from the public domain. This does not prevent questioning any witness about their knowledge the witness may have relevant to this case.

12. When "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is introduced as an exhibit or through testimony in any deposition, counsel introducing such information shall advise the court reporter that the testimony or exhibits are "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Stipulation and Protective Order. The court reporter shall separately bind the transcript of the testimony or the exhibit and mark the cover of the bound transcript or exhibit with the applicable "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation. If the transcript with the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" discovery material is required to be lodged with the Court, it shall be lodged in compliance with Civil Local Rule 39-141.

13. An inadvertent or unintentional disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" discovery material without that designation shall not be deemed a waiver in whole or in part of the Designating Party's claim of confidentiality, either as to the specific discovery material or as to any other related discovery material. Any such inadvertently or unintentionally disclosed discovery material shall be designated

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

PDF created with pdfFactory trial version www.pdffactory.com

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as soon as reasonably possible after the Designating Party becomes aware of the disclosure and shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by all to whom it has been disclosed in the Action.  Upon notice that any document disclosed was "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the document is to be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" from the date of notification forward.

**Challenging Confidentiality Designations:**

14.     Counsel of record for the Parties may at any time request from the Designating Party in writing the release of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" discovery material from the requirements of the terms and provisions of this Stipulation and Protective Order.  Upon making such a request, the Party requesting the release shall initiate a "meet and confer" by sending a facsimile correspondence to counsel for the Designating Party identifying the disputed documents and designations.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

15.     A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 37-251 (and in compliance with Civil Local Rule 39-141, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge within 21 days of the termination of the meet and confer efforts.  Each such motion must be accompanied by a

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

PDF created with pdfFactory trial version www.pdffactory.com

competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Pending a ruling from the Court, the Designating Party's designation shall control unless the material was otherwise publicly available or obtained elsewhere.

**Access To And Use Of Protected Material:**

16. A Receiving Party may use Protected Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by another Party or non-Party in connection with this case only for prosecuting, defending, attempting to settle this litigation, or for any appeal and shall not be used in any other proceeding.

17. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to persons authorized under this Stipulation and Protective Order.

18. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

   a. Counsel of record for the Parties in this Action, and employees of such counsel, including secretaries, legal assistants, and their respective staffs.

   b. The Parties to the Action and any employees or officers of a Party.

PDF created with pdfFactory trial version www.pdffactory.com

    c.  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation provided each Expert has read this Stipulation and Protective Order in advance of disclosure and has agreed in writing to be bound by its terms by executing an affidavit in the form of Exhibit A. Counsel for the Parties shall retain a copy of each affidavit executed by the Party's retained expert and will keep and produce to the Producing Party at the Party's request. Any affidavit signed by a Party's consulting expert shall be kept on file by the Party who retained that consultant.

    d.  The Court or any other court having jurisdiction over discovery procedures in the Action provided the Party seeking review by a court follows the procedures in Paragraph 15.

    e.  Any court reporter or typist recording or transcribing testimony in the Action.

    f.  Any employee of an outside independent reproduction or graphics firm or litigation support service who has read this Stipulation and Protective Order and has agreed in writing to be bound by its terms by executing an affidavit in the form of Exhibit A.

    g.  Any person whose deposition is taken by any Party to this Stipulation and Protective Order, so long as such disclosure is made during the course of the deposition and the deponent signs an affidavit in the form of Exhibit A.

    h.  A jury empanelled in the Action.

Stipulation and [Proposed] Protective Order

PDF created with pdfFactory trial version www.pdffactory.com

19. "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" discovery material shall be maintained in confidence by the Receiving Party and shall not be disclosed by the Receiving Party except to persons entitled to access pursuant to Paragraph 18.

20. Nothing contained in this Order shall restrict use or disclosure of discovery material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the Designating Party.

**Protected Material Subpoenaed Or Ordered Produced In Other Litigation:**

21. If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing immediately and in no more than three court days after receiving the subpoena or other order.  Such notification must include a copy of the subpoena or court order.

22. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulation and Protective Order promptly to the Party in the other Action that caused the subpoena or order to issue.

23. The purpose of imposing these duties it to alert the interested Parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and expenses of seeking protection in that court of its

confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another Court.

**Unauthorized Disclosure of Protected Material:**

24.     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation and Protective Order, the Receiving Party Must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all of the terms of this Order, and (d) request that such person or persons execute the affidavit in the form of Exhibit A.

**Filing Protected Material:**

25.     Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule  39-141.

**Final Disposition:**

26.     Upon final conclusion of the Action, including all appeals, all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" discovery material and all copies shall, at the discretion of the Designating Party, either be returned to the Designating Party or its counsel, or destroyed.  If the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" discovery material is destroyed, counsel for the Receiving Party shall certify in writing under penalty of perjury that such discovery material has been destroyed.

PDF created with pdfFactory trial version www.pdffactory.com

**Miscellaneous:**

27.     Nothing in this Order, or any failure by a Party to challenge the designation of discovery material as "CONFIDENTIAL", shall be construed as an admission concerning the confidential or proprietary nature of the discovery material, the relevance for discovery purposes of the discovery material, or the admissibility of the discovery material.

28.     Nothing in this Protective Order shall be construed as a limitation on the use of admissible evidence at trial, subject to such confidentiality provisions as may be ordered by the Court.  Furthermore, the Parties shall have the right to request that any hearing or portions of any hearing be conducted *in camera*.

29.     In rendering services or otherwise communicating with his or her client, counsel shall not disclose the specific content of any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material, documents, or information where such disclosure would not otherwise be permitted under the terms of this Order.  Nothing shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to the Action, and in the course of any such Action, from relying upon "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" discovery material or information.

30.     During discovery and through the conclusion of this matter, the Parties reserve the right to move the Court for additional restrictions on disclosure and/or dissemination of discovery material that the Parties believe contains or discloses a trade secret or other confidential research, development or commercial information, including but not limited to sensitive financial data, technical information, proprietary or nonpublic commercial information, information involving privacy interests, and other commercially and/or competitively sensitive information of a nonpublic

PDF created with pdfFactory trial version www.pdffactory.com

nature, or received on a confidential basis, which is of such a nature that disclosure to persons other than those specified in Paragraph 18 might reasonably be expected to result in injury to the Parties.

DATED: May 31, 2009.

          REED SMITH LLP

          By  /s/ J. David Bickham
              J. David Bickham
              Attorneys for Defendant
              BASF CORPORATION

DATED: May 21, 2009.

          LAW OFFICES OF D. MITCHELL TAYLOR

          By  /s/ D. Mitchell Taylor
              D. Mitchell Taylor
              Attorneys for Plaintiffs
              TOM AVINELIS, KAREN AVINELIS, LYNN
              SHAFER, AND SALLEY SHAFER

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

PDF created with pdfFactory trial version www.pdffactory.com

**ORDER**

IT IS SO ORDERED.

DATED:   June 2, 2009

By   /s/ Sandra M. Snyder
    SANDRA M. SNYDER,
    United States Magistrate Judge

PDF created with pdfFactory trial version www.pdffactory.com

**EXHIBIT A**

<u>AGREEMENT TO MAINTAIN CONFIDENTIALITY</u>

I, _____, have been given and read a copy of the Stipulation and Protective Order, dated _____, in this case.  I understand and will strictly adhere to the contents of said Order.  I understand that produced material disclosed to me is subject to the Order of this Court and that I am prohibited from copying, disclosing or otherwise using such material except as provided by said Court Order.  I understand that unauthorized disclosure of the stamped confidential information may constitute contempt of Court and agree to be subject to personal jurisdiction of this Court for the purpose of enforcing my obligations under this Agreement, the Order, and any contempt proceeding that may be instituted for alleged violation thereto.  I understand also that my execution of this Agreement to Maintain Confidentiality, indicating my agreement to be bound by said order, is a prerequisite to my review of any produced document and materials.

DATED: _____

_____
Print Name

_____
Signature

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

PDF created with pdfFactory trial version www.pdffactory.com